UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| CHRISTOPHER P. KAUDERS, LEE C. S. KAUDERS, and HANNAH KAUDERS, <br>     Plaintiffs, <br><br> v. <br><br> UBER TECHNOLOGIES, INC., and RASIER LLC, <br><br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. <br> 16-11659-FDS |

**MEMORANDUM AND ORDER
ON PLAINTIFF'S MOTION TO REMAND**

**SAYLOR, J.**

This is a claim for disability discrimination arising out of the alleged refusal of certain Uber drivers to permit a guide dog to accompany a visually-impaired rider.  The matter was filed in state court and removed to this Court on the basis of diversity of citizenship.

Plaintiffs have moved to remand on the ground that diversity has not been established.  For the following reasons, the motion will be denied.

**I.  Background**

Christopher Kauders, a Massachusetts resident, is legally blind.  (Compl. ¶¶ 1, 6).[1]  He uses a guide dog for assistance and his impaired vision prevents him from qualifying for a driver's license.  (*Id.* ¶ 6).

Uber Technologies, Inc., is an online transportation network company with a mobile

---

[1] Plaintiffs filed an amended complaint on September 30, 2016.  However, for the purposes of this motion to remand—filed August 25, 2016—the Court will analyze its subject-matter jurisdiction based on the facts as alleged in the original complaint.

software application for smartphones that enables customers to submit trip requests for transportation in Uber vehicles.  (*Id.* ¶¶ 4, 8).  Rasier LLC is a wholly owned subsidiary of Uber. (*Id.* ¶ 5).

According to the complaint, Kauders frequently relies on Uber to travel, including for work purposes.  (*Id.* ¶ 11).  He has taken more than 100 rides with Uber drivers since opening an account with the company in 2014.  (*Id.* ¶¶ 13, 15).  His guide dog accompanied him on approximately half of those rides.  (*Id.* ¶ 17).

The complaint alleges that on three separate occasions between the dates of August, 26, 2015, and March 25, 2016, Kauders was denied service by Uber when its drivers refused to allow his guide dog into their vehicles.  (*Id.* ¶ 9).  His wife Lee and daughter Hannah witnessed one of those occasions.  (*Id.* ¶ 33).  According to the complaint, Kauders, his wife, and his daughter have all suffered significant emotional distress as a result of the alleged discrimination. (*Id.* ¶¶ 45-49).

On February 2, 2016, Kauders filed a complaint against Uber with the Massachusetts Commission Against Discrimination ("MCAD").  (*Id.* ¶ 50).  Of February 22, 2016, the MCAD issued a letter to Kauders informing him that he had exhausted his administrative remedies and could file a civil suit.  (*Id.* ¶ 51 & Ex. B).

On April 28, 2016, plaintiffs served a demand letter on Uber pursuant to Mass. Gen. Laws ch. 93A, § 9.  (*Id.* ¶ 66).  After receiving an extension to the 30-day response deadline, Uber responded on June 15, 2016, denying any liability and stating that plaintiffs' allegations failed to demonstrate that Uber's policies and procedures were unlawful.  (*Id.* ¶ 67).

On July 12, 2016, Kauders filed a complaint in Massachusetts state court asserting claims against Uber and Rasier for the violation of Massachusetts anti-discrimination law, Mass. Gen.

Laws ch. 272, § 98A (Count 1); the intentional infliction of emotional distress on behalf of Kauders himself (Count 2), as well as on behalf of Lee and Hannah Kauders (Count 3); and the violation of Mass. Gen. Laws ch. 93A (Count 4).

On August 15, 2016, defendants removed the action to this Court on the basis of diversity jurisdiction. Defendants' notice of removal stated that plaintiffs are Massachusetts residents, and that defendant Uber is a Delaware corporation with a principal place of business in California. It is also alleged that and defendant "Rasier, LLC, is a wholly owned subsidiary of Uber" and that Rasier "is a foreign limited liability company organized under the laws of the state of Delaware with its principal place of business in San Francisco, California." (Notice of Removal at 2). The notice of removal said nothing about the members of Rasier or their citizenship.

On August 25, 2016, plaintiffs filed a motion to remand, contending that defendants had failed to adequately establish diversity of citizenship and that they had failed to attach the summons served on Uber to their notice of removal. For the reasons stated below, that motion will be denied.

## II.     Legal Standard

A case removed from state court must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). This Court has subject-matter jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and where there is diversity of citizenship. *See* 28 U.S.C. § 1332(a). The removing defendant bears the burden of demonstrating the subject-matter jurisdiction of the federal court. *Danca v. Private Health Care Sys., Inc.*, 185 F.3d 1, 4 (1st Cir. 1999). There is a presumption against removal, and any doubts as to this Court's jurisdiction must be resolved in favor of remand. *Tremblay v. Phillip Morris, Inc.*, 231 F. Supp. 2d 411, 414 (D. N.H. 2002).

## III.    Analysis

Plaintiffs contend that removal was improper for two reasons.

First, they contend that defendants failed to adequately establish that Rasier is citizen of California, on the ground that the removal notice "only made the bare assertion that Rasier's principal place of business is in San Francisco, California." (Pl. Mem. at 3). However, an entity's principal place of business is only relevant to determining the citizenship of corporations. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and the State where it has its principal place of business"). Rasier is not a corporation, but a limited liability company. The citizenship of an LLC is determined by the citizenship of its members. *See Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54-55 (1st Cir. 2006). Because Uber (which is a corporation) is Rasier's sole member (Compl. ¶ 5), and Uber is a citizen of Delaware and California, Rasier, too, is a citizen of Delaware and California. Accordingly, there is diversity of citizenship and removal was proper on that basis.[2]

Second, plaintiffs contend that defendants failed to attach a copy of the summons served on Uber with their notice of removal. Section 1446 of Title 28 states that defendants seeking to remove an action shall file a "short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon" them in the state-court action within 30

---

[2] While defendants' notice of removal did state that Rasier is "organized under the laws of the State of Delaware with its principal place of business in San Francisco, California," (Def. Notice of Removal ¶ 7), seemingly in support of their assertion of diversity jurisdiction, the notice also stated that "Rasier, LLC is a wholly owned subsidiary of Uber" and that Uber is "a foreign corporation organized under the laws of the State of Delaware with its principal place of business in San Francisco, California." (*Id.* at ¶¶ 6-7). Thus, the notice of removal arguably contained the information needed to establish diversity jurisdiction. Even if it had not, alleging the wrong information about a limited liability company in a notice of removal constitutes a defective allegation of jurisdiction that may be amended pursuant to 28 U.S.C. § 1653, because such an amendment would clarify the grounds for removal but would not assert an entirely new basis for diversity jurisdiction. *See Heller v. Allied Textile Co.*, 276 F. Supp. 2d 175, 180-81 (D. Me. 2003), *SunTrust Bank v. Village at Fair Oaks Owner, LLC*, 766 F. Supp. 686, 691 (E.D. Va. 2011).

days of their receipt of those pleadings or summonses.  28 U.S.C. § 1446(a)-(b).  By failing to include the summons served on Uber in their notice of removal, defendants failed to fully satisfy the requirements of § 1446.

However, "[c]ourts generally allow a defendant to amend a petition [for removal] after the thirty day time limit for technical defects in the jurisdictional allegations, but not to add a new basis for federal jurisdiction." *In re Pharmaceutical Indus. Average Wholesale Price*, 509 F. Supp. 2d 82, 95 (D. Mass. 2007).  Defendants' failure to attach the summons served on Uber was a minor technical defect that does not affect the basis for federal jurisdiction.  Furthermore, defendants attached the summons served on Uber to their opposition to plaintiff's motion to remand.  Thus, the defect in their notice of removal—a minor one that caused plaintiffs no prejudice—has been cured.

**IV.     Conclusion**

For the reasons stated above, plaintiff's motion to remand is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated:  March 7, 2017                                           United States District Judge