# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| CHRISTOPHER P. KAUDERS, LEE ) | |
| C. S. KAUDERS, and HANNAH ) | |
| KAUDERS, ) | |
|        Plaintiffs, ) | |
| ) | |
|    v. ) | **Civil Action No.** |
| ) | **16-11659-FDS** |
| UBER TECHNOLOGIES, INC., ) | |
| RASIER LLC, and JORGE MUNERA, ) | |
| ) | |
|        Defendants. ) | |
| _____) | |

## MEMORANDUM AND ORDER
## ON DEFENDANTS' MOTION TO DISMISS

**SAYLOR, J.**

This is a claim for disability discrimination under Massachusetts state law, arising out of the alleged refusal of certain Uber drivers to permit a guide dog to accompany a visually-impaired rider. The matter was filed in state court and removed to this court on the basis of diversity of citizenship.

Following removal, plaintiffs filed an amended complaint pursuant to Fed. R. Civ. P. 15(a), adding a non-diverse defendant—Jorge Munera, one of the Uber drivers alleged to have engaged in discriminatory conduct. Munera is a Massachusetts resident whose joinder, if proper, would destroy diversity jurisdiction. Defendants have moved to dismiss Munera as a fraudulently joined party. For the reasons stated below, that motion will be denied and the action will be remanded to state court.

## I.     Background

Christopher Kauders, a Massachusetts resident, is legally blind. (Am. Compl. ¶¶ 1, 8).

He uses a guide dog for assistance and his impaired vision prevents him from qualifying for a driver's license.  (*Id.* ¶ 9).

Uber Technologies, Inc., is an online transportation network company.  It features a mobile software application for smartphones that enables customers to submit trip requests for transportation in private vehicles.  (*Id.* ¶ 10).  Rasier LLC, a wholly owned subsidiary of Uber, contracts with drivers for Uber and imposes certain requirements on those drivers concerning their duties and vehicles.  (*Id.*).

According to the complaint, Kauders frequently relies on Uber to travel, including for work purposes.  (*Id.* ¶¶ 12-16).  He has taken more than 100 rides with Uber drivers since opening an account with the company in 2014.  (*Id.*  ¶¶ 13, 16).  His guide dog accompanied him on approximately half of those rides.  (*Id.* ¶ 17).

The complaint alleges that on three separate occasions between August 26, 2015, and March 25, 2016, Kauders was denied service by Uber when its drivers refused to allow his guide dog into their vehicles.  (*Id.* ¶¶ 12, 28, 37, 45).  His wife Lee and daughter Hannah witnessed one of those occasions.  (*Id.* ¶ 37).  According to the complaint, Kauders, his wife, and his daughter have all suffered emotional distress as a result of the alleged discrimination.  (*Id.* ¶¶ 49, 52-53).

On February 2, 2016, Kauders filed a complaint against Uber with the Massachusetts Commission Against Discrimination ("MCAD").  (*Id.* ¶ 54).  However, because Kauders serves on the MCAD Advisory Board, MCAD determined that it could not investigate his allegations due to concerns about a conflict of interest.  (*Id.* ¶ 55).  Instead, on February 22, 2016, MCAD issued a letter to Kauders informing him that the case was administratively closed, that his administrative remedies were considered exhausted, and that he could file a civil suit.  (*Id.* ¶ 55 & Ex. B).

On April 28, 2016, plaintiffs served a demand letter on Uber and Rasier pursuant to Mass. Gen. Laws ch. 93A, § 9. (*Id.* ¶ 122). After receiving an extension to the 30-day response deadline, Uber and Rasier responded on June 15, 2016, denying any liability and stating that plaintiffs' allegations failed to demonstrate that Uber's policies and procedures were unlawful. (*Id.* ¶ 124).

On July 12, 2016, Kauders filed a complaint in Massachusetts state court asserting claims against Uber and Rasier for (1) violation of Massachusetts anti-discrimination law, Mass. Gen. Laws ch. 272, § 98A; (2) intentional infliction of emotional distress; and (3) violation of the Massachusetts consumer protection law, Mass. Gen. Laws ch. 93A.

On August 15, 2016, defendants removed the action to this court on the basis of diversity jurisdiction. On August 25, 2016, plaintiffs filed a motion to remand, contending that defendants had failed to establish diversity of citizenship and that they had failed to attach the summons served on Uber to their notice of removal. That motion was denied.[1]

On September 9, 2016, defendants filed a motion pursuant to 9 U.S.C. §§ 3, 4 and Fed. R. Civ. P. 12(b)(1) to compel arbitration and dismiss the action. On September 30—that is, 21 days later—plaintiffs filed an amended complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B). The amended complaint added Jorge Munera, one of the Uber drivers who allegedly discriminated against Kauders, as a defendant. Munera is a resident of Massachusetts. (Am. Compl. ¶ 6). The amended complaint, like the original complaint, asserts only state-law claims.

Defendants Uber and Rasier have moved to dismiss the claims against Munera on the ground that he was fraudulently joined in order to destroy diversity jurisdiction. For the reasons

---

[1] Although the amended complaint, which added a non-diverse defendant as a party, was filed shortly after their motion to remand, the Court did not consider the propriety of that joinder at that time because the determination of whether removal is appropriate is to be made based only on the pleadings at the time of the removal. *See Mills v. Allegiance Healthcare Corp.*, 178 F. Supp. 2d 1, 4 (D. Mass. 2001).

stated below, that motion will be denied.

## II.  Analysis

### A.  Legal Framework

Under the doctrine of fraudulent joinder, "removal is not defeated by the joinder of a non-diverse defendant where there is no reasonable possibility that the state's highest court would find that the complaint states a cause of action upon which relief [can] be granted against the non-diverse defendant." *Universal Truck & Equip. Co. v. Southworth-Milton, Inc.*, 765 F.3d 103, 108 (1st Cir. 2014).  In other words, the doctrine "permits a federal court to 'disregard, for jurisdictional purposes,' the citizenship of non-diverse defendants" at the time of removal.  *Id.* at 109 (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)).  Courts can thus assume jurisdiction over a case—notwithstanding the non-diverse defendant—then dismiss the non-diverse defendant and retain jurisdiction.  *Mayes*, 198 F.3d at 461.

The doctrine of fraudulent joinder does not, however, apply—at least not directly—after a case has been removed.  *Id.* at 460-61.  "Since the fraudulent joinder doctrine justifies a federal court's initial assumption of diversity jurisdiction, it has no effect once the district court actually possesses jurisdiction—including after the case has been removed."  *Id.* at 461.

Furthermore, the doctrine is generally not necessary after removal, because the district court, which already possesses jurisdiction, can simply decline to permit joinder of non-diverse defendants.  *Id.* at 463; 28 U.S.C. § 1447(e) ("[I]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

Matters become more complicated where the non-diverse defendant was added, after removal, by way of amendment pursuant to Fed. R. Civ. P. 15(a)(1).  Rule 15(a)(1) provides that

"[a] party may amend its pleading once as a matter of course" either within 21 days of serving it or within 21 days after service of a responsive pleading or Rule 12(b) motion, whichever is earlier. Fed. R. Civ. P. 15(a)(1). Thus, ostensibly pursuant to Rule 15(a), plaintiffs here added Munera, a non-diverse defendant, without first obtaining leave of court. The Court, therefore, did not have the opportunity to deny (or approve) joinder at the time the amendment was made.

As the facts of this case illustrate, there is a potential conflict between Rule 15(a) and § 1447(e). "[I]f the plaintiff[s] can add a non-diverse defendant without the district court exercising its discretion over whether the defendant should be joined, then, under § 1447(e), the district court would be forced to remand the case without determining the propriety of joinder." *Mayes*, 198 F.3d at 462 n.11. Plaintiffs would thus be able to use their right to amend under Rule 15(a) to force a remand.[2]

While the First Circuit has not decided whether Rule 15(a)(1) permits plaintiffs to add non-diverse parties as a matter of course after removal, it appears that every court to have addressed the issue has concluded that it does not. *See, e.g., Mayes*, 198 F.3d at 462 n.11 ("[A] district court has the authority to reject a post-removal joinder that implicates 28 U.S.C. § 1447(e), even if the joinder was without leave of court."); *Ascension Enters. Inc. v. Allied Signal, Inc.*, 969 F. Supp. 359, 360 ("[A] party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action.") (internal quotation marks omitted); *Lyster v. First Nationwide Bank Fin. Corp.*, 829 F. Supp. 1163, 1165 (N.D. Cal. 1993) ("[T]he first amended complaint may not be used to defeat the removal of plaintiff's case

---

[2] As one court has noted, if Rule 15(a) could be used in that way, it would likely be used quite often. *See Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1087 n.4 (C.D. Cal. 1999). Because defendants may waive their right to remove by filing an answer or Rule 12(b) motion in state court, the usual course is for defendants to remove to federal court first, and then file an answer or Rule 12(b) motion in federal court. *See id.* The filing of an answer or Rule 12(b) motion in federal court then grants plaintiffs 21 days to amend, which—if interpreted to allow plaintiffs to add non-diverse defendants—would permit plaintiffs to routinely destroy diversity jurisdiction shortly after removal.

to federal court."). Thus, courts have concluded that when a plaintiff adds a non-diverse defendant following removal, § 1447(e) applies even if the amendment would otherwise be permissible as a matter of course under Rule 15(a)(1). *See Mackey v. J.P. Morgan Chase Bank, N.A.*, 786 F. Supp. 2d 1338, 1340 (E.D. Mich. 2011) (holding that amendment as matter of course under Rule 15(a) adding non-diverse party must satisfy requirements of § 1447(e)); *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1088 (C.D. Cal. 1999) (same); *Winner's Circle of Las Vegas, Inc. v. AMI Franchising, Inc.*, 916 F. Supp. 1024, 1026 (D. Nev. 1996) (same); *Drelick v. Innovative Dev. Co.*, 2008 WL 2486040, at *2 n.4 (D.N.H. 2008) (noting that § 1447(e) "supersedes" Rule 15(a)(1)). This Court will follow that approach.

**B.    Joinder under § 1447(e)**

The analysis under § 1447(e) as to whether joinder is appropriate begins with determining whether the non-diverse defendant is dispensable or indispensable to the action. *See Casas Office Mach., Inc. v. Mita Copystar Am., Inc.*, 42 F.3d 668, 675 (1st Cir. 1994).

> If the defendant is indispensable, the district court's choices are limited to denying joinder and dismissing the action pursuant to Fed. R. Civ. P. 19, or else allowing joinder and remanding the case to the state court pursuant to § 1447(e). If, on the other hand, the defendant is dispensable, the district court has the options, pursuant to § 1447(e), of denying joinder and continuing its jurisdiction over the case, or permitting joinder and remanding the case to state court.

*Id.* (internal citations omitted).

Whether a party is indispensable is governed by Fed. R. Civ. P. 19(b). *Carden v. Klucznik*, 775 F. Supp. 2d 247, 251 (D. Mass. 2011). Under Rule 19(b), "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). The factors to be considered include: "(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided . . . ;

6

(3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." *Id.*

Defendants contend that Munera is a dispensable party because he is a potential joint tortfeasor. *See Gorfinkle v. U.S. Airways, Inc.*, 431 F.3d 19, 22 (1st Cir. 2005) (holding that a potential joint tortfeasor is a dispensable party). Two or more wrongdoers are jointly and severally liable if they each "contribute to the personal injury of another by their several acts, which operate concurrently, so that in effect the damages suffered are rendered inseparable." *O'Connor v. Raymark Indus., Inc.*, 401 Mass. 586, 591 (1988). The complaint alleges that Uber and Rasier are jointly liable for Munera's alleged actions insofar as they failed to train their drivers properly. But it also alleges that they are his employers, and are therefore vicariously liable for his allegedly wrongful acts.[3]

For purposes of Rule 19(b), there are significant differences between joint and several liability, on the one hand, and vicarious liability, on the other. *See Pujol v. Shearson Am Exp, Inc.*, 877 F.2d 132, 137 (1st Cir. 1989) ("[I]f one thing is clear in respect to Rule 19, it is that, unlike a person vicariously liable in tort, . . . a person potentially liable as a joint tortfeasor is *not* a necessary or indispensable party . . . .") (internal citation omitted). The issue of whether Munera is an indispensable party, therefore, cannot be resolved simply by the fact that *one* of the theories of liability alleged in the complaint is that Munera, Uber, and Rasier are jointly and severally liable. Thus, the Court turns to the factors enumerated in Rule 19(b).

The first factor weighs in favor of remand. As a practical matter, an adverse ruling in Munera's absence could prejudice him in subsequent state court litigation. *See Acton Co. v. Bachman Foods, Inc.*, 668 F.2d 76, 78, 81 (1st Cir. 1982) (noting that adverse ruling in party's

---

[3] Under Massachusetts law, employers may, at least under some circumstance, be vicariously liable for even the intentional infliction of emotional distress. *See Green v. Wyman-Gordon Co.*, 422 Mass. 551, 559 (1996).

absence would be "persuasive precedent" in subsequent proceedings). Plaintiffs, too, may be prejudiced by Munera's absence. If it is determined that Uber and Rasier are not employers and not vicariously liable for the acts of their drivers—an issue that is very much contested—then, absent Munera, plaintiffs' ability to recover (assuming wrongdoing on Munera's behalf) would be limited to their theory that Uber failed to train its drivers adequately. Furthermore, while plaintiffs could bring a parallel proceeding against Munera in state court, such a proceeding would likely require duplicative efforts on behalf of all parties and would run the risk of inconsistent adjudications.

As to the second factor, there does not appear to be any way to shape the federal litigation to avoid the problems raised by severance.

The third factor also weighs in favor of remand. The Supreme Court has indicated that this factor—"whether the judgment issued in the absence of the nonjoined person will be 'adequate'"—refers to the "interest of the courts and the public in complete, consistent, and efficient settlement of controversies." *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111 (1968). Plaintiffs have stated that they intend to pursue litigation against all three of the drivers involved in the alleged incidents, once they have been identified, making it appear likely that parallel state proceedings would be initiated if the Court were to dismiss Munera and retain jurisdiction. (*See* Pl. Mem. at 15). Any parallel state proceeding would involve the same issues of fact and the same questions of law, and thus would result in the inefficient allocation of judicial resources as well as the risk of inconsistent judgments.

Finally, the fourth factor also weighs in favor of remand. There is no reason to believe that Massachusetts state courts would be unable to provide an adequate remedy in this action, which raises claims only under Massachusetts law.

The Court therefore finds that Munera is an indispensable party within the meaning of Fed. R. Civ. P. 19(b). Accordingly, pursuant to 28 U.S.C. § 1447(e), joinder will be permitted. Because joinder will destroy diversity jurisdiction, the action will be remanded to state court.

## III.    Conclusion

For the foregoing reasons, the motion of defendants Uber Technologies, Inc. and Rasier LLC to dismiss the claims against defendant Jorge Munera on the basis of fraudulent joinder is DENIED. Accordingly, and because there is not complete diversity between the parties, this Court lacks subject-matter jurisdiction over the action. Pursuant to 28 U.S.C. § 1447(e), this action is hereby REMANDED to the Suffolk County Superior Court.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: May 1, 2017

9